UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DONALD COLE BURCHETT, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. C05-1430-RSL-MJB |
| | ) | |
| v. | ) | |
| | ) | |
| DOUG WADDINGTON, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from his 2001 convictions in King County Superior Court. Respondent has filed a motion to dismiss petitioner's petition as untimely under 28 U.S.C. § 2244(d). The Court, having reviewed petitioner's petition, respondent's motion, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

PROCEDURAL HISTORY

On March 5, 2001, petitioner entered an Alford plea to a misdemeanor charge of communicating with a minor for immoral purposes. (Dkt. No. 28, Ex. 4.) On the same date,

REPORT AND RECOMMENDATION
PAGE - 1

petitioner entered guilty pleas to felony charges of assault in the second degree with sexual motivation and kidnaping in the second degree. (Dkt. No. 28, Ex. 2.) On April 13, 2001, petitioner was sentenced in King County Superior Court on all three offenses. Petitioner was sentenced to six months confinement on the misdemeanor offense, and was given credit for six months of time already served. (*Id*., Ex. 3.) Petitioner was sentenced to 70 months confinement on each of the felony offenses. (*Id*., Ex. 1.) The sentencing judge ordered that the sentences for all three offenses run concurrently. (*See id*., Ex. 1 at 3.)

Petitioner did not file a direct appeal. Petitioner did, however, file a series of personal restraint petitions in the state courts in 2005. Petitioner filed his first personal restraint petition ("PRP") in the Washington Court of Appeals on July 26, 2005. (*Id*., Ex. 7.) On August 11, 2005, the Court of Appeals issued an order dismissing petitioner's first PRP. (*Id*., Ex. 8.) Petitioner thereafter sought discretionary review in the Washington Supreme Court. (*Id*., Ex. 9.) Petitioner's motion for discretionary review was denied by the Supreme Court Commissioner on October 7, 2005, and a certificate of finality was issued in those proceedings on January 11, 2006. (*Id*., Exs. 10 and 11.)

Petitioner filed his second PRP in the Washington Court of Appeals on September 30, 2005. (*Id*., Ex. 12.) On November 16, 2005, the Court of Appeals issued an order dismissing petitioner's second PRP. (*Id*., Ex. 13.) Petitioner thereafter filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Ex. 14.) The Supreme Court Commissioner issued a ruling denying review with respect to petitioner's second PRP on January 27, 2006. (*Id*., Ex. 15.)

Petitioner filed his third PRP in the Washington Court of Appeals on December 6, 2005. (*Id*., Ex. 16.) On January 25, 2006, the Court of Appeals issued an order dismissing petitioner's third PRP. (*Id*., Ex. 17.) It does not appear that petitioner sought discretionary review by the Washington Supreme Court with respect to his third PRP, as a certificate of finality was issued in those proceedings on February 24, 2006. (*See id*., Ex. 18.)

1    Petitioner now seeks federal habeas review of his state court convictions. Petitioner signed
2 his federal habeas petition on August 15, 2005, and the petition was received by the Court for
3 filing on August 19, 2005.

4                                                  DISCUSSION

5    On April 24, 1996, the President signed into law the Antiterrorism and Effective Death
6 Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which
7 worked substantial changes in the law of federal post-conviction relief. One of those changes was
8 to adopt a one year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1) (1996).
9 The one year limitations period starts to run from the date of the conclusion of direct review or
10 "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. §
11 2244(d)(1)(A).

12   In this case the period for direct review ended, at the latest, upon the expiration of the
13 period for filing a direct appeal. Petitioner's judgments were filed in the King County Superior
14 Court on April 16, 2001. Petitioner had 30 days after the entry of those judgments, or until on or
15 about May 16, 2001, to file a direct appeal. *See* Rule 5.2, Washington Rules of Appellate
16 Procedure. Because petitioner did not file a direct appeal, his conviction became final on or about
17 May 16, 2001. 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had until on or about May 16,
18 2002, to file his federal habeas petition.

19   The one year limitations period is tolled for any "properly filed" collateral state challenge
20 to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed three collateral state challenges to
21 his convictions. However, he did not file those challenges until after the statue of limitations had
22 already expired. Petitioner's personal restraint proceedings in the state courts therefore would not
23 have acted to toll the statue of limitations. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

24   The statute of limitations is also subject to equitable tolling. *Calderon v. United States*
25 *District Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds*
26 *by, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(en banc).

REPORT AND RECOMMENDATION
PAGE - 3

1  However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most
2  cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a
3  prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288
4  (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)).  Petitioner does not
5  argue that he is entitled to equitable tolling of the federal statute of limitations.

6  As noted above, petitioner did not sign his federal habeas petition until August 15, 2005,
7  over three years after the statute of limitations expired on May 16, 2002.  Because petitioner filed
8  his petition outside of the § 2254 statute of limitations period, and because petitioner has not
9  demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his
10 petition is time-barred.  This Court therefore recommends that respondent's motion to dismiss be
11 granted and that petitioner's federal habeas petition be dismissed, with prejudice, pursuant to 28
12 U.S.C. § 2244(d).  A proposed order accompanies this Report and Recommendation.

13 DATED this 7th day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge